Submitted on record and briefs August 2, 2002, affirmed January 8, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ROBERT HARTWIG,
*Appellant.*

## 9900198FGM; A112226

60 P3d 1157

Richard Robert Hartwig filed the briefs *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from a conviction for a game violation. He makes several assignments of error, but we address only the assignment in which he contends that the trial court erred in denying his motion to suppress evidence relating to the violation. We affirm.

The evidence that defendant sought to suppress was evidence that Oregon State Police officers had obtained by driving onto property that the overseer of the property had directed state officials, including the state police, not to enter without a warrant. The trial court denied the motion on the ground that defendant had no interest in the real property or the evidence that the state police seized, so the police had not violated his right under Article I, section 9, of the Oregon Constitution to be free from unreasonable searches and seizures by going onto the property and seizing the evidence.

Defendant did not identify for the trial court any property or privacy interest of his that the state police had violated by entering the real property and seizing the evidence. In light of the issues presented to the trial court, we conclude that it did not err in denying defendant's motion to suppress.[1]

Affirmed.

---

[1] We reject without discussion defendant's contention that the state police seized the evidence in violation of the Fourth Amendment to the United States Constitution.